UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

| Case No. | CR08-570-CAS | Date | September 14, 2012 |
|---|---|---|---|

| Present: The Honorable | CHRISTINA A. SNYDER |
|---|---|

| Interpreter | N/A |
|---|---|

| CATHERINE JEANG | LAURA ELIAS | ANTHONY BROWN |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| DEWAYNE MATTHEWS | X | X | | STEPHANIE THORNTON-HARRIS, DFPD | | X | X |
| | | | | CALLIE GLANTON-STEELE, DFPD | | X | X |

**Proceedings:** DEFENDANT'S MOTION FOR RETROACTIVE APPLICATION OF SENTENCING GUIDELINES TO CRACK COCAINE OFFENSE (Docket #53, filed August 13, 2012)

     On June 29, 2009, pursuant to the defendant's guilty plea to one count of intentionally distributing twelve grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), the Court sentenced defendant to a mandatory minimum sentence of sixty months. Defendant had also been indicted in a second count for intentionally distributing seventy-five grams of crack cocaine, but the government agreed to dismiss this count. The applicable guideline range for defendant's sentencing was 87 to 135 months, which was based on 87.88 grams of crack cocaine, a three level adjustment for acceptance of responsibility, and a criminal history category III.

     On August 13, 2012, defendant filed a motion to reduce his sentence to 57 months pursuant to the Fair Sentencing Act ("FSA"), 124 Stat. 2372. Under binding Ninth Circuit case law, this motion fails because defendant was sentenced prior to August 3, 2010, the FSA's date of enactment. United States v. Baptist, 646 F.3d 1225, 1229 ("Like every other circuit court to have considered this question, we can find no evidence that Congress intended the Fair Sentencing Act to apply to defendants who had been sentenced prior to the August 3, 2010 date of the Act's enactment."). Although the Supreme Court in Dorsey v. United States, 132 S.Ct. 2321 (2012), held that FSA's lenient penalties applied to defendants sentenced after August 3, 2010, even if their offense was committed prior to August 3, 2010, Dorsey does not call into

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA



## CRIMINAL MINUTES - GENERAL

question the Ninth Circuit's binding precedent in <u>Baptist</u>.  It is true that the Supreme Court in <u>Dorsey</u> expressed concern with producing "a crazy quilt of sentences," but it also recognized that disparities are often created "whenever Congress enacts a new law changing sentencing." <u>Id</u>. at 2334 – 2335.

Accordingly, defendant's motion to reduce his sentence is DENIED.

IT IS SO ORDERED.

|  | 00 | : | 07 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |